Last Revised August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

IN RE:   Case No. **3:17-bk-20460**

Judge _____

**Rubin, Kristina L.**
_____ Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

[ ] Original          [X] Modified/Notice Required          Date: **October 17, 2017**

[ ] Motions Included  [ ] Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

[ ] DOES [X] DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

[ ] DOES [X] DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

[ ] DOES [X] DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: MC        Initial Debtor: __KR__        Initial Co-Debtor: _____

**Part 1: Payment and Length of Plan**

a. The debtor has paid **$3,415.00** to date and then shall pay $ **553.00** per **month** to the Chapter 13 Trustee, starting on **11/01/2017** for approximately **55** months.

b. The Debtor shall make plan payments to the Trustee from the following sources:
   [X] Future Earnings
   [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
   [ ] Sale of real property
      Description:
      Proposed date for completion: _____

   [ ] Refinance of real property
      Description:
      Proposed date for completion: _____

   [ ] Loan modification with respect to mortgage encumbering property
      Description:
      Proposed date for completion: _____

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

**Part 2: Adequate Protection [X] NONE**

a. Adequate protection payments will be made in the amount of $ **None** to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to _____ (creditor).

**Part 3: Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Capone & Keefe, PC** | Administrative Expense | **1,750.00** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
**[X] None**
[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

**Part 4: Secured Claims**

**a. Curing Default and Maintaining Payments [X]NONE**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **None** | | | | | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: [X] NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **None** | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506: [X] NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| **None** | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments [X] NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

3

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender [X] NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| **None** | | | |

**f. Secured Claims Unaffected by the Plan [X] NONE**

The following secured claims are unaffected by the Plan:
**None**

**g. Secured Claims to Be Paid in Full Through the Plan [X] NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **None** | | |

## Part 5: Unsecured Claims [ ] NONE

**a. Not separately classified** allowed non-priority unsecured claims shall be paid:

    ___ Not less than $ _____ to be distributed *pro rata*
    **X**   Not less than **100**   percent
    ____ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| **None** | | | |

## Part 6: Executory Contracts and Unexpired Leases [ ] NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| **Toyota Motor Credit Co** | 0.00 | Installment account opened 3/1/2016 Credit Limit: $14,908.00, | **Assume** | 414.33 |
| **Patricia Osterlo** | 0.00 | Residential Lease 337 Volley Court Wall Twp., NJ | **Assume** | 1,700.00 |

## Part 7: Motions

4

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation must be filed with the Clerk of Court when the plan and transmittal notice are served.**

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** [ ] NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **None** | | | | | | | |

**b. Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.** [X] NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| **None** | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** [X] NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| **None** | | | | | |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

  **X**  Upon Confirmation
  ___  Upon Discharge

**b. Payment Notices**

Creditors and Lessors provided for in Sections 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

5

1) **Trustee Commissions**
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

**d. Post-petition claims** The Trustee **[ ]** is, **[X]** is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification [ ] NONE**

If this plan modifies a plan previously filed in this case, complete the information below.

Date of Plan being modified: **8/05/3400**

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified. |
|---|---|
| **The Debtor lost her job and is only receiving unemployment benefits.** | **Decreased the monthly plan payment to accommodate the substantial reduction in income.  Claims are lower thus can still pay 100% but extend the plan.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?  **[X]** Yes  **[ ]** No

**Part 10: Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

**[X]** NONE
**[ ]** Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: **October 18, 2017**     *s/ Marc Capone*
                                Attorney for the Debtor

Date: **October 18, 2017**     *s/ Kristina L. Rubin*
                                Debtor

Date:                          
                                Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.
  Date: **October 18, 2017**     */s/ Marc Capone*
                                Attorney for the Debtor

I certify under penalty of perjury that the above is true.

| Date: **October 18, 2017** | */s/ Kristina L. Rubin* |
| --- | --- |
| | Debtor |
| Date: **October 18, 2017** | |
| | Joint Debtor |

```
                          United States Bankruptcy Court
                                District of New Jersey
In re:                                                     Case No. 17-20460-KCF
Kristina L. Rubin                                          Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin             Page 1 of 2        Date Rcvd: Oct 23, 2017
                              Form ID: pdf901         Total Noticed: 40


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 25, 2017.
db             Kristina L. Rubin,    337 Volley Ct,    Wall, NJ   07719-9484
516839681      Allied Digestive Healt,    PO Box 11578,    Newark, NJ   07101-4578
516839682      Allied Digestive Health,    60 State Route 36 Ste B,    West Long Branch, NJ   07764-1464
517111349      American Express Centurion Bank,    c/o Becket and Lee LLP,    PO Box 3001,
                 Malvern PA 19355-0701
516839683      Amex,    Correspondence,    PO Box 981540,    El Paso, TX   79998-1540
516839684      Barclays Bank Delaware,    100 S West St,    Wilmington, DE   19801-5015
516839685      Capital One,    Attn: General Correspondence/Bankruptcy,    PO Box 30285,
                 Salt Lake City, UT   84130-0285
516967655      Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
516839686      Chase Card- AmazonPrime,    Attn: Correspondence Dept,    PO Box 15298,
                 Wilmington, DE   19850-5298
516839687      Chase Card- Disney,    Attn: Correspondence Dept,    PO Box 15298,    Wilmington, DE   19850-5298
516839688      Chase Card- Slate Card,    Attn: Correspondence Dept,    PO Box 15298,
                 Wilmington, DE   19850-5298
517122102      Citibank, N.A.,    c/o Quantum3 Group LLC,    PO Box 280,    Kirkland, WA   98083-0280
516839689      Citibank/the Home Depot,    Citicorp Cr Srvs/Centralized Bankruptcy,    PO Box 790040S,
                 Louis, MO   63129
516839690      Citicards Cbna,    Citicorp Credit Svc/Centralized Bankrupt,    PO Box 790040,
                 Saint Louis, MO   63179-0040
516839691      Comenity Bank/New York & Co,    PO Box 182125,    Columbus, OH   43218-2125
516839692      Comenity Bank/Victoria Secret,    Attn: Bankruptcy,    PO Box 182125,    Columbus, OH   43218-2125
516839693      Hackensack Meridian Health,    PO Box 650292,    Dallas, TX   75265-0292
516839694      Home Depot Credit Services,    PO Box 9001010,    Louisville, KY   40290-1010
516839699      North American Partners in Anesthesia,    PO Box 49,    Glen Head, NY   11545-0049
516839700      Ocean Surgical Pavillion,    PO Box 305250,    Nashville, TN   37230-5250
516839701      RMB, Inc.,    409 Bearden Park Cir,    Knoxville, TN   37919-7448
516839703     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
              (address filed with court:  Toyota Motor Credit Co,    PO Box 8026,
                 Cedar Rapids, IA   52408-8026)
517034511     +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
516839704      Vital Recovery,    PO Box 923748,    Peachtree Corners, GA   30010-3748

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg            E-mail/Text: usanj.njbankr@usdoj.gov Oct 23 2017 23:15:56      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ   07102-2534
smg           +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 23 2017 23:15:53      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516839695      E-mail/Text: bnckohlsnotices@becket-lee.com Oct 23 2017 23:15:17      Kohls/Capital One,
                 Kohls Credit,    PO Box 3043,    Milwaukee, WI   53201-3043
517061794      E-mail/PDF: resurgentbknotifications@resurgent.com Oct 24 2017 03:06:55
                 LVNV Funding, LLC its successors and assigns as,    assignee of QPL-LC Trust,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
516839696      E-mail/Text: bk@lendingclub.com Oct 23 2017 23:16:23      Lending Club Corp,
                 71 Stevenson St Ste 300,    San Francisco, CA   94105-2985
517100546     +E-mail/Text: bankruptcydpt@mcmcg.com Oct 23 2017 23:15:51      MIDLAND FUNDING LLC,
                 PO BOX 2011,    WARREN, MI 48090-2011
516839697      E-mail/Text: ebn@barnabashealth.org Oct 23 2017 23:16:19      Monmouth Medical Center,
                 PO Box 903,    Oceanport, NJ   07757-0903
516839698      E-mail/Text: ebn@barnabashealth.org Oct 23 2017 23:16:19      Monmouth Medical Center,
                 PO Box 29962,    New York, NY   10087-9962
517108178      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 23 2017 23:14:45
                 Portfolio Recovery Associates, LLC,    c/o Barclaycard,    POB 41067,    Norfolk VA 23541
517110460      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 24 2017 02:13:41
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
                 Norfolk VA 23541
517108166      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 23 2017 23:14:45
                 Portfolio Recovery Associates, LLC,    c/o DMB,    POB 41067,    Norfolk VA 23541
517108175      E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 24 2017 02:12:48
                 Portfolio Recovery Associates, LLC,    c/o Rcs Direct Marketing/Orchard Bank,    POB 41067,
                 Norfolk VA 23541
517077921      E-mail/Text: bnc-quantum@quantum3group.com Oct 23 2017 23:15:42
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA   98083-0788
516839702      E-mail/PDF: gecsedi@recoverycorp.com Oct 23 2017 23:14:24      Syncb Bank/American Eagle,
                 Attn: Bankruptcy,    PO Box 965064,    Orlando, FL   32896-5064
516843561     +E-mail/PDF: gecsedi@recoverycorp.com Oct 23 2017 23:14:41      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
516955520     +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Oct 24 2017 02:12:51      Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                             TOTAL: 16

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: Oct 23, 2017
                              Form ID: pdf901          Total Noticed: 40
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 25, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 20, 2017 at the address(es) listed below:
              Albert    Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor   Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Marc C. Capone    on behalf of Debtor Kristina L. Rubin mcapone@caponeandkeefe.com,
               docs@caponeandkeefe.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                         TOTAL: 4
```